UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JAMES ANTHONY CALDWELL,

        Plaintiff,               Case No. 2:13-cv-110

v.                                           Honorable R. Allan Edgar

PAUL EYKE et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Eyke and Osier. The Court will serve the complaint against Defendant Pascoe.

**Discussion**

I. Factual allegations

Plaintiff currently is incarcerated at the Gus Harrison Correctional Facility, but the events giving rise to his complaint occurred while he was housed at the Marquette Branch Prison (MBP). In his *pro se* complaint, Plaintiff sues Thomas Osier, Northern Regional Mental Health Director; Paul Eyke, Chief of Mental Health Out-Patient Mental Health Treatment for MBP; and MBP Psychologist Fred Pascoe.

Plaintiff was transferred to MBP on March 28, 2012. He previously had been diagnosed as bipolar and was having suicidal thoughts, but was not receiving any psychotropic medications upon his arrival at MBP. Plaintiff was assigned to Defendant Pascoe for his out-patient mental health treatment. Plaintiff alleges that Pascoe placed Plaintiff on medications for his bipolar condition, but his medications were discontinued after "a[n] urgent suicide attempt" in the middle of April 2012, without explanation or further evaluation of "what was wrong with [his] mind." (Compl., docket #1, Page ID#3.) On April 24, 2012, Plaintiff saw Dr. McQuinney,[1] the medication provider, who told Plaintiff that he had been misdiagnosed. Plaintiff does not allege whether Dr. McQuinney made a new diagnosis and what, if any, medication was ordered.

Plaintiff claims that he experienced a suicidal episode on June 11, 2012, during which he heard voices, cut himself, took any pills that he could find, and threw feces at Defendant Pascoe. Plaintiff alleges that custody staff reacted to the incident by denying him food trays, showers, mail delivery, etc. He further claims that corrections officers Howard, Tremble and Page[2] made belittling, derogatory and threatening comments to him.

---

[1] Dr. McQuinney is not named as a Defendant in the complaint.

[2] Officers Howard, Tremble and Page are not named as Defendants in the complaint.

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He also asserts claims of medical malpractice. For relief, Plaintiff seeks monetary damages from each of the named Defendants.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

While Plaintiff lists Paul Eyke and Thomas Osier as Defendants in this action, he does not make any factual allegations against them in his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Because Plaintiff fails even to mention Defendants Eyke and Osier in the body of his complaint, his allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, Defendants Eyke and Osier cannot be held liable merely by virtue of their supervisory positions. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Eyke and Osier engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

At this stage of the proceedings, Plaintiff's allegations are sufficient to warrant service on Defendant Pascoe.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Eyke and Osier will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Pascoe.

An Order consistent with this Opinion will be entered.

Dated:   4/18/2013          */s/ R. Allan Edgar*
                            R. Allan Edgar
                            United States District Judge
                            R. Allan Edgar

United States District Judge